ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
David Vaughn, Craighead Circuit Clerk
2026-Jan-20  14:26:12
16JCV-26-198
C02D02 : 9 Pages

IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| FLETCHER AUTOMOTIVE NO. 6, LLC<br>D/B/A FLETCHER DODGE CHRYSLER JEEP<br>AND FLETCHER DODGE OF JONESBORO | PLAINTIFF |
| v. | CASE NO. _____ |
| WYNN'S EXTENDED CARE, INC. | DEFENDANTS |

## COMPLAINT

Comes now the Plaintiff, Fletcher Automotive No. 6, LLC d/b/a Fletcher Dodge Chrysler Jeep and Fletcher Dodge of Jonesboro ("Plaintiff"), by its attorneys, Fuqua Campbell, P.A., and for its Complaint against the Defendant, Wynn's Extended Care, Inc., does state and allege as follows:

### THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Arkansas, with its principal place of business in Jonesboro, Craighead County, Arkansas.

2. Defendant is a foreign corporation registered with the Arkansas Secretary of State to conduct business in the State of Arkansas and who actively conducts business in the State of Arkansas. Defendant was actively conducting business in Arkansas at the time of the events that

give rise to this lawsuit. Defendant's registered agent for service of process is C T Corporation System, 320 S. Izard Street, Little Rock, Arkansas 72201.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties hereto and the subject matter hereof. Venue is proper pursuant to Ark. Code Ann. § 16-60-101.

## THE FACTS

5. Plaintiff is an automobile dealership that, among other things, services customers' vehicles.

6. Latavia Harris is a customer of Plaintiff.

7. On or about June 27, 2025, Ms. Harris delivered her 2015 Jeep Renegade (VIN ZACCJBBT5FPB78244) ("Vehicle") to Plaintiff's service department complaining that the Vehicle's air conditioning unit was not blowing cold air.

8. At the time Ms. Harris delivered the Vehicle to Plaintiff, she advised Plaintiff that she had an extended warranty issued by Defendant that covered, and would pay for, various repairs to certain components of the Vehicle.

9. Plaintiff evaluated the Vehicle at Ms. Harris' request and determined that the Vehicle's compressor had failed due to a swollen seal on the front and needed to be replaced.

10. Subsequent to its evaluation, and prior to performing any repair work, Plaintiff contacted Defendant and advised it that its evaluation determined that the Vehicle's compressor had failed due to a swollen seal on the front and needed to be replaced. At this time, Defendant authorized and instructed Plaintiff to proceed with the repair work pursuant to the extended warranty it issued to Ms. Harris, agreed to pay Plaintiff for the repairs it performed to the Vehicle, and provided Plaintiff with an authorization number for payment.

11. Plaintiff completed the repairs for the replacement of the Vehicle's failed compressor, as authorized and instructed by Ms. Harris and Defendant.

12. The aforementioned repairs performed by Plaintiff totaled $2,499.95. Ms. Harris paid a $100.00 deductible, as required by the terms of the extended warranty issued to her by Defendant. After taking into account the payment of this deductible, the remaining balanced owed for the aforementioned repairs totaled $2,499.95. A copy of Plaintiff's repair invoice for the aforementioned repairs ("RO 304098") is attached hereto as Exhibit "A."

13. Subsequent to completing the aforementioned repairs, Plaintiff performed a dye and blacklight test to verify there were no other leaks in the Vehicle's air conditioning system. The dye and blacklight test revealed that there was an additional leak in the Vehicle's evaporator.

14. Plaintiff notified Defendant that its post-repair dye and blacklight test revealed an additional leak in the Vehicle's evaporator and requested authorization to repair the leak pursuant to the extended warranty issued by Defendant to Ms. Harris.

15. Defendant refused to authorize the repair of the above-referenced leak in the Vehicle's evaporator and advised Plaintiff that it would be required to remove the dashboard of the Vehicle and prove where the leak was coming from. Further, Defendant advised Plaintiff that its customer, Ms. Harris, would be required to pay a re-inspection fee of $160.00.

16. Plaintiff advised Ms. Harris of Defendant's refusal to authorize the repair of the above-refenced leak in the Vehicle's evaporator and its requirement that she pay a $160.00 re-inspection fee for Fletcher to remove the Vehicle's dashboard and prove where the leak was coming from. Ms. Harris advised Plaintiff that she was not going to pay the additional $160.00 re-inspection fee to Defendant and that she would retrieve the Vehicle from Plaintiff.

17. Prior to Ms. Harris retrieving the Vehicle, Plaintiff submitted a claim for payment of RO 304095 for its pre-approved replacement of the Vehicle's compressor to Defendant. Despite previously authorizing payment for the repairs set forth in RO 304098, and directing Plaintiff to perform said repairs, Defendant asserted that Plaintiff's determination that the compressor needed to be repaired was a misdiagnosis and that it refused to pay Plaintiff for RO 304095.

18. Thereafter, Defendant sent a representative to Plaintiff's service department to inspect the replaced compressor. Defendant's inspector confirmed that the replaced compressor failed and was properly replaced.

19. Despite Defendant's pre-approval and promise to pay for the repairs set forth in RO 304098 and Defendant's representative's subsequent inspection and confirmation of the necessity of said repairs, Defendant has wholly failed and refused to pay Plaintiff the $2,499.95 for repairs set forth in RO 304098. An Affidavit of Account setting forth the balance due from Defendant, that Defendant has been given all credits to which it is entitled, and that Defendant has failed to pay the balance due is attached hereto as Exhibit "B."

## CAUSES OF ACTION

### COUNT I – BREACH OF ORAL CONTRACT

20. Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1 through 19 above.

21. Plaintiff and Defendant entered into an oral agreement whereby Defendant authorized Plaintiff to perform repairs to Latavia Harris' Vehicle and agreed to pay Plaintiff for said repairs in exchange for Plaintiff performing said repairs.

22. Plaintiff performed its obligations under the terms of the oral agreement, specifically performing the aforementioned repairs to Latavia Harris' Vehicle that Defendant pre-approved, authorized, and for which Defendant agreed to pay.

23. Defendant breached this agreement by failing and refusing to pay Plaintiff for the repairs it performed to Latavia Harris' Vehicle.

24. As a direct and proximate result of Defendant's breach of the agreement, Plaintiff has sustained damages.

25. Plaintiff is entitled to recover compensatory damages, as well as pre-judgment and post-judgment interest thereon, from Defendant in an amount to be proven at trial, but less than $75,000.00.

26. Plaintiff is entitled to recover its attorney's fees and costs from Defendant, as well as pre-judgment and post-judgment interest thereon, pursuant to Ark. Code Ann. § 16-22-308.

## COUNT II – PROMISSORY ESTOPPEL

27. Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1 through 26 above.

28. In the event that the trier of fact determines that formal elements of a contract do not exist between Plaintiff and Defendant, Plaintiff is entitled to recover from Defendant $2,499.95 for the repairs it performed to Latavia Harris' Vehicle based upon promissory estoppel.

29. Defendant made a promise to Plaintiff that it would pay Plaintiff for performing the aforementioned repairs that it pre-approved to Latavia Harris' Vehicle in exchange for Plaintiff performing said pre-approved repairs.

30. Defendant reasonably expected to induce action on the part of Plaintiff in response to this promise.

31. Defendant did induce action on the part of Plaintiff with this promise in that Plaintiff, in justifiably relying on the promise, performed the aforementioned pre-approved repairs to Latavia Harris' Vehicle.

32. Defendant failed to abide by its promise in that it has failed and refused to pay Plaintiff the $2,499.95 for the aforementioned repairs it performed to Latavia Harris' Vehicle that were pre-approved by Defendant and for which Defendant promised to pay.

33. Injustice can be avoided only by enforcement of Defendant's promise.

34. As a direct and proximate result of Defendant's breach of its promise, Plaintiff has sustained damages.

35. Plaintiff is entitled to recover compensatory damages, as well as pre-judgment and post-judgment interest thereon, from Defendant in an amount to be proven at trial, but less than $75,000.00.

## COUNT III – UNJUST ENRICHMENT

36. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 through 35 above.

37. Defendant requested that Plaintiff perform repairs to Latavia Harris' vehicle in order to satisfy a contractual obligation that Defendant owed to Latavia Harris pursuant to the aforementioned extended warranty.

38. Plaintiff performed the aforementioned repairs to Latavia Harris' Vehicle at the request of Defendant.

39. Defendant has been unjustly enriched as a result of its failure to pay for the aforementioned repairs performed by Plaintiff to Latavia Harris' Vehicle in that it has had its contractual obligation to Latavia Harris satisfied at the expense of Plaintiff and not at its own expense.

40. Pursuant to Arkansas law, Defendant is not permitted to unjustly enrich itself at the expense of Plaintiff.

41. Plaintiff is entitled to recover compensatory damages, as well as pre-judgment and post-judgment interest thereon, from Defendant for its unjust enrichment in an amount to be proven at trial, but less than $75,000.00.

## COUNT IV - FRAUD AND DECEIT

42. Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1-41 above.

43. Defendant acted with fraud and deceit.

44. Defendant requested that Plaintiff perform the aforementioned repairs to Latavia Harris' Vehicle in order to satisfy a contractual obligation it owed to her pursuant to the aforementioned extended warranty. As part of this request, Defendant represented to Plaintiff that it would pay it for the repairs performed and even provided Plaintiff with an authorization number.

45. Defendant made a false representation of material fact to Plaintiff in that, at the time it directed and authorized Plaintiff to make repairs to Latavia Harris' Vehicle, it promised Plaintiff it would pay it for the repairs.

46. Defendant knew at the time it made the representation to Plaintiff that it would pay for repairs Plaintiff made to Latavia Harris' Vehicle that the representation was false. This is

evident from the fact that, after Plaintiff's request for payment was denied by Defendant, Defendant sent its representative to confirm that the Vehicle's compressor was faulty and needed repaired. Defendant's representative inspected the replaced compressor and confirmed that it was faulty and required replacement. Yet, Defendant has continued to willfully fail and refuse to pay Plaintiff for the repair services it performed to Latavia Harris' Vehicle at Defendant's request.

47. Defendant's false representation that it would pay Plaintiff for the aforementioned repairs it performed to Latavia Harris' Vehicle was a false representation of material fact.

48. Plaintiff relied upon Defendant's promise to pay for the aforementioned repairs it performed to Latavia Harris' Vehicle and, as a result, proceeded with performing the repairs that Defendant pre-approved and requested.

49. However, Defendant has continued to fail and refuse to pay Plaintiff for the aforementioned repairs it performed to the Vehicle despite its own representative confirming that the repairs were necessary.

50. Plaintiff has incurred damages as a result of Defendant's fraudulent and deceitful conduct.

51. Plaintiff is entitled to recover compensatory damages from Defendant, as well as pre-judgment and post-judgment interest thereon. Further, Plaintiff is entitled to recover punitive damages from Defendant for its willful and malicious actions, as well as pre-judgment and post-judgment interest thereon. The combined amount of compensatory and punitive damages sought by Plaintiff is an amount to be determined at trial but in excess of $75,000.00.

WHEREFORE, the Plaintiff, Fletcher Automotive No. 6, LLC d/b/a Fletcher Dodge Chrysler Jeep and Fletcher Dodge of Jonesboro, prays that it be awarded judgment against the Defendant, Wynn's Extended Care, Inc., for compensatory damages in an amount to be

determined at trial, for punitive damages, for all appropriate pre-judgment and post-judgment interest, for its costs and attorney's fees incurred herein, and for all other relief to which it is entitled, whether specifically prayed for herein or not.

Respectfully submitted,

FUQUA CAMPBELL, P.A.
Riviera Tower
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202
(501) 975-7128 (t)
(501) 975-7153 (f)
egribble@fc-lawyers.com

By: _____
Eric R. Gribble, Ark. Bar No. 2002192

Attorneys for Plaintiff

ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
David Vaughn, Craighead Circuit Clerk
2026-Jan-20  14:26:12
16JCV-26-198
C02D02 : 3 Pages

# IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
## CIVIL DIVISION

**FLETCHER AUTOMOTIVE NO. 6, LLC**
**D/B/A FLETCHER DODGE CHRYSLER JEEP**
**AND FLETCHER DODGE OF JONESBORO**                     **PLAINTIFF**

**v.**                          **CASE NO. _____**

**WYNN'S EXTENDED CARE, INC.**                          **DEFENDANTS**

## Exhibit A

*Administrative Order No 2.

(g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

(2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

```
                                                      CHRYSLER      FRANK FLETCHER
CUSTOMER #: 592615                      304098        DODGE         DODGE CHRYSLER JEEP RAM
                                                      Jeep          3314 Stadium Blvd.
                                       *INVOICE*      RAM           Jonesboro, AR 72404
LATAVIA HARRIS                                                      (870) 932-2246
                                       DUPLICATE 1                  www.fletcherauto.com
                                       PAGE 1

                                  SERVICE ADVISOR: 479328 MORGAN KITCHENS
```

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|---|---|---|---|---|---|---|
| BLACK | 15 | JEEP RENEGADE | ZACCJBBT5FPB78244 | | 137613/137613 | T3564 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 18JUN24 DD | | | 15:00 03JUL25 | | | CASH | 17JUL25 |

| R.O. OPENED | READY | OPTIONS: SOLD-STK:JN20291B ENG:2.4_Liter_DOHC_Dual_VVT |
|---|---|---|
| 08:58 27JUN25 | 07:50 17JUL25 | |

```
LINE OPCODE TECH TYPE HOURS                                    LIST       NET       TOTAL
A General Concern 1 [Customer States when driving it stop and say check
    transmission]
  E1 SEE ON LINE E
     403088    CPC                                                0.00      0.00
PARTS:     0.00 LABOR:     0.00 OTHER:    0.00  TOTAL LINE A:                0.00
CUSTOMER DECLINED DIAG
          ***********************************************************
B General Concern 2 [Customer States ac is not coming on blowing heat]
  E1 REPLACED THE AC COMPRESSO
     403088CPCXT                                               799.95    799.95
     1 68245074AA COMPRESSO-AIR CONDITIONING        1635.00   1635.00   1635.00
  EVAC EVACUATE AND RECHARGE A/C SYSTEM
     403088CPCXT                                                 0.00      0.00
PARTS:  1635.00 LABOR:   799.95 OTHER:    0.00  TOTAL LINE B:             2434.95
137613
FOUND AC WAS INOP DUE TO CLUTCH ON COMPRESSOR LOOSE REPLACED AC
COMPRESSOR CHARGED AC SYSTEM.
WYNNE'S WARRANTY
PART 1635.00
LABOR 799.95
DED 100.00
TOTAL 2314.95
AUTH# 60EU578025
          ***********************************************************
C Recall / Customer Satisfaction Notification 2 [Customer Satisfaction
    Notification W84 - Powertrain Software Update **]
     18W84182 Customer Satisfaction Notification W84 -
     Reprogram Powertrain and Transmission
     Control Modules - Reprogram Reprogram
     Powertrain and Transmission Control Modules
     (0 - Low Skilled)
     403088    WC                                                           (N/C)
PARTS:     0.00 LABOR:     0.00 OTHER:    0.00  TOTAL LINE C:                0.00
18-W8-41-82 0.4 hours
```

| | DESCRIPTION | TOTALS |
|---|---|---|
| | LABOR AMOUNT | |
| | PARTS AMOUNT | |
| | GAS, OIL, LUBE | |
| | SUBLET AMOUNT | |
| | MISC. CHARGES * | |
| | TOTAL CHARGES | |
| | LESS INSURANCE | |
| | SALES TAX | |
| | PLEASE PAY THIS AMOUNT | |

WARRANTY DISCLAIMER: ALL PARTS AND ACCESSORIES ARE SOLD AND ALL REPAIRS ARE PROVIDED BY THE DEALERSHIP AS-IS. THE DEALERSHIP HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS AND IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND NEITHER ASSUMES OR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF ANY PARTS OR ACCESSORIES OR ANY REPAIRS PERFORMED TO THE VEHICLE. THE ONLY WARRANTIES ON PARTS AND ACCESSORIES OR REPAIRS ARE THOSE WHICH MAY BE OFFERED BY THE VEHICLE MANUFACTURER OR THE PARTS MANUFACTURER OR DISTRIBUTOR AND ONLY SUCH MANUFACTURER OR DISTRIBUTOR SHALL BE LIABLE FOR PERFORMANCE UNDER SUCH WARRANTIES. CUSTOMER SHALL NOT BE ENTITLED TO RECOVER FROM THE DEALERSHIP ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFIT OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES.
SHOP SUPPLY COSTS: We have added a charge equal to 10% of the total cost of labor and parts, not to exceed $50.00, to the Repair Order for shop supplies used in connection with this repair.
WAIVER OF TRIAL BY JURY: TO THE EXTENT PERMITTED BY ARKANSAS LAW, THE PARTIES AGREE TO WAIVE TRIAL BY JURY FOR ANY AND ALL CLAIMS, DISPUTES AND/OR CAUSES OF ACTION ARISING OUT OF, OR RELATING TO, THE VEHICLE OR THIS INVOICE, INCLUDING SERVICE TO THE VEHICLE OR REPRESENTATIONS OR OMISSIONS REGARDING THE VEHICLE. THE PARTIES AGREE TO THIS WAIVER IN THE INTEREST OF AVOIDING, AMONG OTHER THINGS, DELAYS AND EXPENSES ASSOCIATED WITH JURY TRIALS.
By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this invoice and that you received (or had the opportunity to inspect) any replaced parts as requested by you. The vehicle is being returned to you in exchange for your payment of the Amount Due.

DATE ___ CUSTOMER SIGNATURE ___ AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED. NOT RESPONSIBLE FOR LOSS OR DAMAGE TO CARS OR ARTICLES LEFT IN CARS IN CASE OF FIRE, THEFT OR ANY OTHER CAUSE BEYOND OUR CONTROL.

DealerCAP 2006 ADP (04/13) SERVICE INVOICE TYPE 2 - 2SI2C - FLETCHER - ARKANSAS - 9090055   CUSTOMER COPY

| CUSTOMER #: 592615 | | | | | 304098 | | CHRYSLER | **FRANK FLETCHER** |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | DODGE | **DODGE CHRYSLER JEEP RAM** |
| | | | | | *INVOICE* | | Jeep | 3314 Stadium Blvd. |
| LATAVIA HARRIS | | | | | | | RAM | Jonesboro, AR 72404 |
| | | | | | DUPLICATE 1 | | | (870) 932-2246 |
| | | | | | PAGE 2 | | | www.fletcherauto.com |

| | | | | SERVICE ADVISOR: | 479328 MORGAN KITCHENS | | |
|---|---|---|---|---|---|---|---|
| COLOR | YEAR | MAKE/MODEL | | VIN | LICENSE | MILEAGE IN / OUT | TAG |
| BLACK | 15 | JEEP RENEGADE | | ZACCJBBT5FPB78244 | | 137613/137613 | T3564 |
| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
| 18JUN24 DD | | | 15:00 03JUL25 | | | CASH | 17JUL25 |
| R.O. OPENED | | READY | OPTIONS: SOLD-STK:JN20291B | | | | |
| | | | ENG:2.4_Liter_DOHC_Dual_VVT | | | | |
| 08:58 27JUN25 | | 07:50 17JUL25 | | | | | |

```
LINE OPCODE TECH TYPE HOURS                                      LIST       NET       TOTAL
D Recall / Customer Satisfaction Notification 1 [Emissions Recall U90 -
     Catalyst Efficiency **]
     09U90185 Emissions Recall U90 - Catalyst
        Efficiency - Replace Replace Maniverter,
        Verify and Reprogram PCM and TCM (1 -
        Semi-Skilled)
        403088   WC                                                                    (N/C)
      1 CEZGU901AC MANIFOLD-EXHAUST                                                    (N/C)
      1 CEZGU906AA MANIFOLD-EXHAUST                                                    (N/C)
      1 CEZGU908AA MANIFOLD-EXHAUST                                                    (N/C)
      1 CEZGU902AB MANIFOLD-EXHAUST                                                    (N/C)
        CORE CHARGE W                                                                  (N/C)
PARTS:      0.00  LABOR:       0.00  OTHER:      0.00  TOTAL LINE D:          0.00
09-U9-01-85 1.5 hours DRILLED AN TAPPED AN HELI COILED 5 BOLTS FROM
CYLINDER HEAD
              ************************************************
E** ENGINE REPAIRS / EXPANSION VALVE /
     E1 REPLACED THE EXPANSION VALVE WITH THE EVAC
        RECHARGE
        403088   CPC                                         150.00    150.00
PARTS:      0.00  LABOR:    150.00  OTHER:      0.00  TOTAL LINE E:        150.00
137613 found expansion valve to be leaking. replaced expansion
valve charged ac system to .450g
              ************************************************


***************************************************************
ESTIMATE: 299.90                27JUN25 08:58  SA: 479328
     CONTACT:
***************************************************************
```

| WARRANTY DISCLAIMER: ALL PARTS AND ACCESSORIES ARE SOLD AND ALL REPAIRS ARE PROVIDED BY THE DEALERSHIP AS-IS. THE DEALERSHIP HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS AND IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND NEITHER ASSUMES OR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF ANY PARTS OR ACCESSORIES OR ANY REPAIRS PERFORMED TO THE VEHICLE. THE ONLY WARRANTIES ON PARTS AND ACCESSORIES OR REPAIRS ARE THOSE WHICH MAY BE OFFERED BY THE VEHICLE MANUFACTURER OR THE PARTS MANUFACTURER OR DISTRIBUTOR AND ONLY SUCH MANUFACTURER OR DISTRIBUTOR SHALL BE LIABLE FOR PERFORMANCE UNDER SUCH WARRANTIES. CUSTOMER SHALL NOT BE ENTITLED TO RECOVER FROM THE DEALERSHIP ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFIT OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES. | DESCRIPTION | TOTALS |
|---|---|---|
| | LABOR AMOUNT | 949.95 |
| | PARTS AMOUNT | 1635.00 |
| | GAS, OIL, LUBE | 0.00 |
| SHOP SUPPLY COSTS: We have added a charge equal to 10% of the total cost of labor and parts, not to exceed $50.00, to the Repair Order for shop supplies used in connection with this repair. | SUBLET AMOUNT | 0.00 |
| WAIVER OF TRIAL BY JURY: TO THE EXTENT PERMITTED BY ARKANSAS LAW, THE PARTIES AGREE TO WAIVE TRIAL BY JURY FOR ANY AND ALL CLAIMS, DISPUTES OR CAUSES OF ACTION ARISING OUT OF, OR RELATING TO, THE VEHICLE OR THIS INVOICE, INCLUDING SERVICE TO THE VEHICLE OR REPRESENTATIONS OR OMMISSIONS REGARDING THE VEHICLE. THE PARTIES AGREE TO THIS WAIVER IN THE INTEREST OF AVOIDING, AMONG OTHER THINGS, DELAYS AND EXPENSES ASSOCIATED WITH JURY TRIALS. | MISC. CHARGES * | 15.00 |
| | TOTAL CHARGES | 2599.95 |
| By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this invoice and that you received (or had the opportunity to inspect) any replaced parts as requested by you. The vehicle is being returned to you in exchange for your payment of the Amount Due. | LESS INSURANCE | 0.00 |
| | SALES TAX | 0.00 |
| DATE     CUSTOMER SIGNATURE      AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE | PLEASE PAY THIS AMOUNT | 2599.95 |

**ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED. NOT RESPONSIBLE FOR LOSS OR DAMAGE TO CARS OR ARTICLES LEFT IN CARS IN CASE OF FIRE, THEFT OR ANY OTHER CAUSE BEYOND OUR CONTROL.**

DealerCAR  2006 ADP (04/13)  SERVICE INVOICE TYPE 2 - 2SI2C - FLETCHER - ARKANSAS - 9690055

CUSTOMER COPY

ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
David Vaughn, Craighead Circuit Clerk
2026-Jan-20 14:26:12
16JCV-26-198
C02D02 : 2 Pages

# IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
## CIVIL DIVISION

**FLETCHER AUTOMOTIVE NO. 6, LLC**
**D/B/A FLETCHER DODGE CHRYSLER JEEP**
**AND FLETCHER DODGE OF JONESBORO**                        **PLAINTIFF**

v.                                CASE NO. _____

**WYNN'S EXTENDED CARE, INC.**                                **DEFENDANTS**

**Exhibit B**

*Administrative Order No 2.

    (g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

AFFIDAVIT OF ACCOUNT

STATE OF ARKANSAS )
                  )ss.
COUNTY OF _____ )

    I, Zachary Short, am the Controller for Fletcher Automotive No. 6, LLC d/b/a Fletcher Dodge Chrysler Jeep and Fletcher Dodge of Jonesboro ("Fletcher"). I have authority to execute this affidavit on behalf of Fletcher. I state on oath that I am familiar with the books and records of Fletcher and the repairs performed by Flecher to Latavia Harris' 2015 Jeep Renegade (VIN ZACCJBBT5FPB78244) and, more particularly, the unpaid repair invoice in the amount of $2,499.95 ("RO 304098") for said repairs. I also state on oath that Latavia Harris and Wynn's Extended Care, Inc. have been provided with all proper payments, credits and offsets to which they are entitled. Further, I also state on oath that, despite multiple demands by Fletcher, Wynn's Extended Care, Inc. has failed and refused to pay RO 304098. This account has not been assigned to any third party and is currently held by Fletcher, the original creditor.

_____
Zachary Short

1-16-26
_____
Date

    SUBSCRIBED AND SWORN TO before me, a Notary Public, on this 16th day of January, 2026.

_____
Notary Public

MY COMMISSION EXPIRES:

01/20/2029

JAMES MICHAEL PROFFITT
MY COMMISSION # 12706654
EXPIRES: January 20, 2029
Craighead County