IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FLETCHER AUTOMOTIVE NO. 6, LLC
D/B/A FLETCHER DODGE CHRYSLER JEEP
AND FLETCHER DODGE OF JONESBORO                              PLAINTIFF

v.                        Case No. 3:26-CV-00060-DPM

WYNN'S EXTENDED CARE, INC.                                   DEFENDANT

## ANSWER

Come now Defendant, Wynn's Extended Care, Inc. (hereinafter "WEC"), by and through its attorneys, Barber Munson, submits the following Answer to the Complaint of Fletcher Automotive No. 6, LLC D/B/A Fletcher Dodge Chysler Jeep and Fletcher Dodge of Jonesboro (hereinafter "Plaintiff"), alleges and states as follows:

1.  Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, deny same.

2.  Defendant admits Paragraph 2 of the Complaint.

3.  Defendant admits that jurisdiction and venue is proper in this Court. Defendant denies the remainder of Paragraph 4 of the Complaint.

4.  Paragraph 5 of the Complaint contains no allegations directed at Defendant and, therefore, does not require a response. To the extent a response is required, Defendant denies Paragraph 5 of the Complaint.

5.  Paragraph 6 of the Complaint contains no allegations directed at Defendant and, therefore, does not require a response. To the extent a response is required, Defendant denies Paragraph 6 of the Complaint.

6. Paragraph 7 of the Complaint contains no allegations directed at Defendant and, therefore, does not require a response. To the extent a response is required, Defendant denies Paragraph 7 of the Complaint.

7. Paragraph 8 of the Complaint contains no allegations directed at Defendant and, therefore, does not require a response. To the extent a response is required, Defendant denies Paragraph 8 of the Complaint.

8. Defendant denies that the compressor had failed in response to Paragraph 9 of the Complaint. Defendant denies the remainder of Paragraph 9 of the Complaint.

9. Defendant states in response to Paragraph 10 of the Complaint that it was contacted by Plaintiff regarding repairs to the subject vehicle. Defendant denies the remainder of Paragraph 10 of the Complaint.

10. Defendant states in response to Paragraph 11 of the Complaint that the compressor was replaced. Defendant denies the remainder of Paragraph 11 of the Complaint.

11. Defendant states in response to Paragraph 12 of the Complaint that Exhibit A to Plaintiff's Complaint speaks for itself. Defendants deny any interpretation with respect to allegations that interpret the invoice as being construed other than its plain meaning. Defendant denies the remainder of Paragraph 12 of the Complaint.

12. Defendant states in response to Paragraph 13 of the Complaint that Plaintiff claimed an additional failure of the evaporator after previously claiming the failure of the compressor. Defendant denies the remainder of Paragraph 13 of the Complaint.

13. Defendant states in response to Paragraph 14 of the Complaint that Plaintiff claimed an additional failure of the evaporator after previously claiming the failure of the compressor. Defendant denies the remainder of Paragraph 14 of the Complaint.

14. Defendant admits that it did not approve repairs to the evaporator. Defendant denies the remainder of Paragraph 15 of the Complaint.

15. Defendant states in response to Paragraph 16 that Latavia Harris retrieved the vehicle from Plaintiff. Defendant denies the remainder of Paragraph 16 of the Complaint.

16. Defendant states in response to Paragraph 17 of the Complaint, that Defendant did not pay due to the misdiagnosis of the compressor failure. Defendant denies the remainder of Paragraph 17 of the Complaint.

17. Defendant states in response to Paragraph 18 of the Complaint that there was an additional inspection done on the subject vehicle. However, there was no ultimate determination that the compressor or evaporator leak was the source of the problem in the subject vehicle's air conditioning system. Defendant denies the remainder of Paragraph 18 of the Complaint.

18. Defendant denies Paragraph 19 of the Complaint.

19. Defendant restates and alleges and incorporates by reference herein preceding paragraphs 1 through 18 in response to Paragraph 20 of the Complaint.

20. Defendant denies Paragraph 21 of the Complaint.

21. Defendant denies Paragraph 22 of the Complaint.

22. Defendant denies Paragraph 23 of the Complaint.

23. Defendant denies Paragraph 24 of the Complaint.

24. Defendant denies Paragraph 25 of the Complaint.

25. Paragraph 26 of the Complaint states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Defendant denies Paragraph 26 of the Complaint.

26. Defendant restates and alleges and incorporates by reference herein preceding paragraphs 1 through 25 in response to Paragraph 27 of the Complaint.

27. Paragraph 28 of the Complaint states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Defendant denies Paragraph 28 of the Complaint.

28. Defendant states in response to Paragraph 29 of the Complaint that Plaintiff represented that the compressor was the cause of the subject vehicle's air conditioning issue. However, the issue was not adequately addressed due to Plaintiff's misdiagnosis of the issue. Defendant denies the remainder of Paragraph 29 of the Complaint.

29. Defendant states in response to Paragraph 30 of the Complaint that it detrimentally relied on the representations of Plaintiff to address the issues presented. Defendant denies the remainder of Paragraph 30 of the Complaint.

30. Defendant states in response to Paragraph 31 of the Complaint that it detrimentally relied on the representation of Plaintiff to address the issues presented. Defendant denies the remainder of Paragraph 31 of the Complaint.

31. Defendants denies Paragraph 32 of the Complaint.

32. Defendant denies Paragraph 33 of the Complaint.

33. Defendant denies Paragraph 34 of the Complaint.

34. Paragraph 35 of the Complaint states a legal conclusion and, therefore, does not require a response. To the extent that a response is required, Defendant denies Paragraph 35 of the Complaint.

35. Defendant restates and alleges and incorporates by reference herein preceding paragraphs 1 through 34 in response to Paragraph 36 of the Complaint.

36. Defendant states in response to Paragraph 37 of the Complaint that Latavia Harris brought the subject vehicle in for repairs by the Plaintiff. Defendant denies the remainder of Paragraph 37 of the Complaint.

37. Defendants state in response to Paragraph 38 of the Complaint that Latavia Harris requested the repairs of the subject vehicle. Defendant denies the remainder of Paragraph 38 of the Complaint.

38. Defendant denies Paragraph 39 of the Complaint.

39. Paragraph 40 of the Complaint states a legal conclusion and, therefore, no response is required. To the extent a response is required, Defendant denies Paragraph 40 of the Complaint.

40. Defendant denies Paragraph 41 of the Complaint.

41. Defendant restates and alleges and incorporates by reference herein preceding paragraphs 1 through 40 in response to Paragraph 42 of the Complaint.

42. Defendant denies Paragraph 43 of the Complaint.

43. Defendant states in response to Paragraph 44 of the Complaint that Latavia Harris requested the repairs to the vehicle, and not Defendant. Defendant detrimentally relied on Plaintiff's misdiagnosis of the issues with the vehicle's air conditioning system. Defendant denies the remainder of Paragraph 44 of the Complaint.

44. Defendant states in response to Paragraph 45 that Plaintiff made false representations that the issues were due to the compressor in the vehicle. Defendant denies the remainder of Paragraph 45 of the Complaint.

45. Defendants state in response to Paragraph 46 of the Complaint that the inspection of the compressor resulted in no determination if it was the source of the subject vehicle's air conditioning system issues. Therefore, Plaintiff failed to adequately address the issues with the air

conditioning system, and Defendant detrimentally relied on the representations of Plaintiff. Defendant denies the remainder of Paragraph 46 of the Complaint.

46. Defendant denies Paragraph 47 of the Complaint.

47. Defendants state in response to Paragraph 48 of the Complaint that Defendant detrimentally relied on the Plaintiff's representations that the repairs requested by Latavia Harris would address the issues with the air conditioning system. Defendant denies the remainder of Paragraph 48 of the Complaint.

48. Defendant denies Paragraph 49 of the Complaint.

49. Paragraph 50 of the Complaint states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Defendant denies Paragraph 50 of the Complaint.

50. Defendant denies Paragraph 51 of the Complaint.

51. Defendant denies the allegations set forth in the "WHEREFORE" clause of the Plaintiff's Complaint.

52. Defendant deny all allegations of Plaintiff's Complaint that are not specifically admitted herein.

53. Defendant respectfully requests a trial by jury.

54. Defendant specifically plead all available defenses to it pursuant to Rule 8 of the Federal Rules of Civil Procedure, including, but not limited to, accord and satisfaction; arbitration and award; comparative fault; discharge in bankruptcy; duress; estoppel; exclusiveness of remedy under workman's compensation law; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; set-off; statute of frauds; statute

of limitations; waiver; failure to mitigate damages; and any other matter constituting an avoidance or affirmative defense.

55. Pleading affirmatively, Defendant states that Count IV of Plaintiff's Complaint should be dismissed for failure to adequately plead allegations of fraud under Rule 9 of the Federal Rules of Civil Procedure.

56. Defendant affirmatively pleads the doctrine of promissory estoppel, as Defendant detrimentally relied on the representations of the Plaintiff in the replacement of the subject compressor. Plaintiff failed to adequately and fully diagnose the issues that were present in the subject vehicle's air conditioning system. Defendant detrimentally changed its position due to the Plaintiff's representations. Therefore, Plaintiff is barred from recovery.

57. Defendant, pleading affirmatively states that the Plaintiff fraudulently induced Defendant by making representations that Plaintiff either knew or should have known were false. That the representations of the Plaintiff were made for the purposes of enticing Defendant to enter into an agreement with the Plaintiff, which Defendant denies the existence thereof. Defendant justifiably relied on the representations of the Plaintiff. Defendant would not have agreed to anything with the Plaintiff but for the Plaintiff making false representations to the Defendant. Therefore, Plaintiff is barred from recovery.

58. Defendant specifically plead all affirmative defenses available to it under the Civil Justice Reform Act of 2003, Ark. Code Ann. §16-55-201, et seq.

59. This Answer is being filed without the benefit of discovery, and Defendant therefore reserves the right to plead further upon discovery of additional information, including, but not limited to, Motion to Dismiss, Motion for Summary Judgment, Amended Answer, Third Party Complaint, or any other appropriate pleading.

WHEREFORE, Defendant Wynn's Extended Care, Inc. prays for the dismissal of Plaintiff's Complaint, for its attorney's fees and costs, and for all other just and proper relief to which they may be entitled.

        Respectfully submitted,

        BARBER MUNSON
        One Allied Drive, Suite 1600
        Little Rock, Arkansas 72202
        501-372-6175 (phone) / 888-412-3288 (fax)
        sstrabala@barbermunson.com
        dcurtis@barbermunson.com

BY:   */s/ Daniel A. Curtis*
       R. Shane Strabala, Ark. Bar. No. 200080
       Daniel A. Curtis, Ark. Bar No. 2023001

### CERTIFICATE OF SERVICE

I, Daniel Curtis, hereby certify that on February 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Eric R. Gribble
FUQUA CAMPBELL, P.A.
3700 Cantrell Road, Suite 205
Little Rock, Arkansas 72202

        */s/ Daniel A. Curtis*
        Daniel Curtis